## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN M. FALLIN,** | : | |
| | : | **Civil No.: 1:14-CV-2427** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF TRANSPORTATION,** | : | |
| **KURT J. MYERS,** | : | |
| **ALLEN D. BIEHLER,** | : | |
| **DEBORA LITTLE** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendants** | : | |

## M E M O R A N D U M

In this Section 1983 civil rights action, Plaintiff has sued the Pennsylvania Department of Transportation ("PennDOT"), the former Secretary of Transportation, the Deputy Secretary of Driver and Vehicle Services, and a former PennDOT employee for various alleged violations of his Fourteenth Amendment rights arising out of events related to a commercial vehicle registration. Plaintiff alleges, *inter alia*, that PennDOT violated his procedural due process rights by failing to provide him notice when it denied his application for a commercial vehicle registration, causing him personal financial loss. Presently before the court is Defendants' motion to dismiss Plaintiff's claims based on the expiration of the statute of limitations and lack of standing. For the following reasons, Defendants' motion to dismiss will be granted.

# I.        **Background**

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  Thus, for purposes of the motion *sub judice*, the court only considers the allegations contained in the complaint (Doc. 1), and will accept as true all well-pleaded factual allegations contained therein.  *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

## A.       **Factual Background**

Beginning in 2007, Plaintiff Glenn M. Fallin ("Plaintiff") commenced a commercial trucking operation through CleanTrans, Inc. ("CleanTrans"), a Nevada close corporation that Plaintiff organized and for which he served as president, the sole employee, and alter ego.  (Doc. 1 at ¶¶ 11, 14.)  Pursuant to a power of attorney document, Plaintiff, as agent for Elliott Haines, III ("Haines"), purchased a commercial trailer and leased it to CleanTrans.  (*Id*. at ¶¶ 9-10.)  Acting as Haines' agent, Plaintiff then registered the trailer with Dorothea Burger ("Burger"), an agent of PennDOT, paid the registration fees, and received a registration certificate and a metal license tag. (*Id*. at ¶¶ 8-9.)  Approximately three months after registering the trailer, Plaintiff provided the "MC number" issued to CleanTrans by the Federal Motor Carrier Safety Administration to Burger upon her request.  (*Id*. at ¶ 15.)

In December 2007, Plaintiff attempted to make a delivery to a military installation, believed to be Maguire Air Force Base in New Jersey, but was not permitted onto the base because military personnel could not locate the trailer's registration in PennDOT's databases.  (*Id*. at ¶ 17.)  This resulted in a three day delay.  (*Id*.)  Plaintiff sought to resolve the "predicament" by calling the Governor of Pennsylvania, who referred him to Defendant Secretary of Transportation Allen D. Biehler ("Biehler"), who referred him to Defendant Deputy Secretary of Driver and Motor Vehicle Services Kurt J. Myers ("Myers"), who referred him to Defendant PennDOT employee Debora Little ("Little," and collectively "Defendants").  (*Id*. at ¶ 18.)  Unable to talk with Little, Plaintiff sent a letter by facsimile explaining that the trailer was not properly registered, and Little eventually responded by providing Plaintiff with "a sheath of forms."  (*Id*.)  Plaintiff later received a call from military security who permitted him to complete his delivery by escort.  (*Id*. at ¶ 19.)

On April 28, 2008, Plaintiff was again detained for at least two hours by police officers in Newberry Township, Pennsylvania, for an alleged violation of a state law requiring vehicles used in interstate commerce to be inspected in Pennsylvania.  (*Id*. at ¶ 22.)  Plaintiff alleges the police justified the detention because of the trailer's

ineffective registration with PennDOT and estimates his lost opportunity at $4,000.
(*Id.*)[1]

In his complaint, Plaintiff asserts that, at the time of these incidents, it was his belief that PennDOT had issued notice to himself and Haines that the trailer was not properly registered, but that "such notice had been lost and/or overlooked." (*Id*. at ¶ 12.)  However, approximately four and a half years later, Plaintiff visited PennDOT's office in Harrisburg, Pennsylvania, to discuss the two earlier incidents and was informed by a PennDOT supervisor that notice had not been provided regarding the denial of his application for registration.  (*Id*. at ¶ 23.)

### B. <u>Procedural History</u>

Proceeding in this matter *pro se*, Plaintiff initiated this action by filing a complaint on December 22, 2014.  (See *generally id*.)  On March 31, 2015, Defendants PennDOT and Myers filed a joint motion to dismiss.  (Doc. 9.)  On April 14, 2015, Defendants filed an amended motion to dismiss, joining Defendants Biehler and Little (Doc. 13), and a brief in support thereof (Doc. 14).  On May 20, 2015, after this court granted Plaintiff two extensions of time,  Plaintiff filed his opposition.  (Doc. 20).  On June 3, 2015, Defendants replied.  (Doc. 21.)  Thus, the motion has been fully briefed and is ripe for disposition.

---

[1]     Plaintiff alleges three operational delays resulting from PennDOT's "failure to effect the registration" of the trailer; however, Plaintiff pleads only two delays.  (Doc. 1, ¶¶16-17, 22.)

## II.       **Legal Standard**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing the motion, a court "may consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004).  A motion to dismiss may only be granted when, taking all well-pleaded factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. *Markowitz v. Ne Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

To survive a motion to dismiss for failure to state a claim, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of entitlement to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, the motion to dismiss should be granted if a party does not allege

facts which could, if established at trial, entitle him to relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

In assessing the merits of a motion to dismiss, a court's obligation to accept allegations as true does not apply to legal conclusions. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citations omitted) (citing *Twombly*, 550 U.S. at 555, 557). Thus, a court must first identify those allegations in a complaint that are mere conclusions and are not entitled to an assumption of the truth and then consider whether the complaint's factual allegations plausibly suggest an entitlement to relief. *Id.* at 678.

In considering a motion to dismiss a *pro se* complaint, a court must bear in mind that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that the court must view a *pro se* litigant's complaint under a lenient standard). Accordingly, the court should construe the complaint liberally, drawing all fair inferences and applying the applicable law, irrespective of whether the *pro se* plaintiff has mentioned it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). However, even a *pro se* plaintiff must be able to prove a "set

of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at

520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    Discussion

In his *pro se* complaint, Plaintiff brings two claims pursuant to Section 1983

of the United States Code.  *See* 42 U.S.C. § 1983.  In Count I, Plaintiff asserts a claim

against "the individuals responsible" for failing to provide him or his assignor with

notice that his application for a commercial vehicle registration was not or would not

be approved in violation of his Fourteenth Amendment right to due process.  (Doc. 1, ¶

A.1.i.)  In Count II, Plaintiff asserts a claim against Defendant PennDOT for engaging

in a practice "whereby applicants for registration of motor vehicles in Pennsylvania

who pay the required fees are denied adequate notice and an opportunity to be heard

when . . . their application is not approved," in violation of his Fourteenth Amendment

right to due process, and seeks declaratory and injunctive relief.  (*Id.* at ¶ A.1.ii.)

Section 1983 offers private citizens a means to redress violations of federal

law committed by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in

pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas. v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by either the Constitution or the laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1998)).

Here, Plaintiff asserts that Defendants are state actors who violated his rights protected by the Constitution and federal law. Defendants do not challenge the sufficiency of the factual matter pleaded in Plaintiff's complaint. Rather, Defendants challenge Plaintiff's claims for lack of standing and expiration of the statute of limitations. Because Plaintiff's complaint will be dismissed for expiration of the statute of limitations, the court need not address Defendants' alternative argument.

## A.   Statute of Limitations

The Federal Rules of Civil Procedure generally do not provide for a statute of limitations defense to be raised under Rule 12(b)(6).[2] *See Robinson v. Johnson*, 313

---

[2]      Rule 12(b) states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be

F.3d 128, 135 (3d Cir. 2002) ("[A] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion.").  However, it is well-established that an exception may be made "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Frasier-Kane v. City of Phila.*, 517 F. App'x 104, 107 n.1 (3d Cir. 2013) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994)).  On the other hand, a court may not dismiss a claim pursuant to Rule 12(b) "where the face of the [complaint] does not unequivocally reveal whether a cause of action has been commenced within the limitations period." *Robinson*, 313 F.3d at 135; *see also Jaramillo v. Experian Info. Solutions, Inc*., 155 F. Supp. 2d 356, 358-59 (E.D. Pa. 2001) (holding that, for a Rule 12 dismissal of a claim as time-barred, noncompliance with limitations period must clearly appear on the face of the pleading).

Although federal statutory law does not contain a specific statute of limitations for Section 1983 claims, such claims are subject to the personal injury statute of limitations of the state in which the cause of action accrued.  *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006); *see also Wilson v. Garcia*, 471 U.S. 261, 268-80 (1985) (holding that a state's statute of limitations for personal injury actions was "the most appropriate" for Section 1983 claims).  In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's personal injury statute of

made by motion . . . ."  Fed. R. Civ. P. 12(b).  The defenses listed in Rule 12(b) do not include a statute of limitations defense.  *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).

limitations, 42 Pa. C.S. § 5524, in determining that a civil rights claim must be filed no later than two years from the date the cause of action accrued. *See Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985) (holding that the two-year limitations period of 42 Pa. Cons. Stat. Ann. § 5524 applies to Section 1983 actions).

Nevertheless, the question of when a civil rights action accrues is governed by federal law. *Giles v. City of Phila.*, 542 F. App'x 121, 122-23 (3d Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (expressly stating that the accrual date of a Section 1983 cause of action is a question of federal law that is not resolved by reference to state law). A civil rights claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Id.* (quoting *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). It is "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations omitted).

Defendants argue that Plaintiff knew or should have known in December 2007 that the trailer was not properly registered when he was denied entry to the military installation, or, at the latest, in April 2008 when he was detained by Newberry Township police officers. (Doc. 14, p. 6 of 11.) Because Plaintiff did not file this action until December 22, 2014, Defendants argue that the action is untimely under the two-year statute of limitations. (*Id.*) In contrast, Plaintiff contends that his cause of

action did not accrue until December 2012 when he discovered that PennDOT's procedures did not provide for adequate notice to be given when an application for a vehicle registration was not approved.  (Doc. 20, p. 1 of 8.)  The court will address these arguments as they pertain to each count.

### 1.    <u>Count I</u>

In Count I, Plaintiff asserts a due process claim against "the individuals responsible," presumably Defendants Myers, Biehler, and Little, for failing to provide notice when Plaintiff's commercial trailer vehicle registration application was not approved.  (Doc. 1, ¶ 1.i.)  Specifically, Plaintiff alleges that he suffered both personal and economic injury as a result of the operational delays he experienced in December 2007 and April 2008 due to the issues with his trailer registration.  (*Id.*)

Although Plaintiff argues that he was operating under the mistaken assumption that he had "lost and/or overlooked" a notice from PennDOT regarding his incomplete registration until such time as he was informed by PennDOT in 2012 that it did not provide such notice (*Id.* at ¶ 12, 23.), a potential Section 1983 plaintiff is obliged to use due diligence to discover all of his or her claims.  *See Sandutch v. Muroski*, 684 F.2d 252, 254 (3d Cir. 1982) (holding that because exercise of due diligence would have caused the plaintiff to discover his claim within statutory period, claim was time-barred).  In both of the above instances, however, Plaintiff was made aware of the problems with his registration and informed by PennDOT that his trailer

registration was incomplete.  (*Id*. at ¶¶ 17-18, 22.)  Certainly, Plaintiff could have discovered PennDOT's alleged inadequate notice procedure in 2007 or 2008 after he was made aware of the issues with his registration, had he exercised due diligence, as he later did in 2012.  Accordingly, because Plaintiff had a complete and present cause of action, at the latest, in April 2008, the two-year statute of limitations expired, at the latest, in April 2010.  Consequently, Count I is barred as untimely and will be dismissed.

### 2.    <u>Count II</u>

In Count II, Plaintiff asserts a claim for declaratory and injunctive relief against Defendant PennDOT, namely for failing to provide notice and an opportunity to be heard to registration applicants whose vehicle registrations are not approved in violation of their right to due process.  (*Id*. at ¶ 1.ii.)

It is well established that "every cause of action under § 1983 which is well-founded results from personal injuries."  *Wilson*, 471 U.S. at 267-68 (internal citations omitted).  Although "general factual allegations of injury resulting from the defendant's conduct may suffice" at the pleading stage, the alleged injury "must affect the plaintiff in a personal and individual way."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).  Thus, insofar as Plaintiff is seeking to argue that Count II is based solely on PennDOT's practice of not providing proper notice and an opportunity to be heard when an application for registration is

denied, Plaintiff has failed to allege a violation of his due process rights distinct from the injuries he suffered in 2007 and 2008. Because the only factual allegations potentially supporting Plaintiff's violations of his due process rights occurred in 2007 and 2008, well before the expiration of the statute of limitations, Plaintiff's claim fails. For the reasons articulated in Count I, Count II will also be dismissed.

### B.     <u>Leave to Amend</u>

Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a)(2). While the grant or denial of leave to amend a complaint is generally a matter committed to the sound discretion of the trial court, *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993), the Third Circuit has adopted a particularly liberal approach to the amendment of pleadings to ensure that a "particular claim will be decided on the merits rather than on technicalities," *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002); *see also Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). An amendment would be futile, and leave to amend should be denied, where the statute of limitations or some other affirmative defense would compel dismissal of the claim. *Grayson*, 293 F.3d at 113. Thus, with regard to Plaintiff's claims asserted in Counts I

13

and II of the complaint, the court finds that leave to amend would be futile as there is no conceivable scenario under which Plaintiff could allege facts which would render the action timely.  The court will therefore dismiss the complaint in its entirety with prejudice.

**IV.**     **Conclusion**

In conclusion, Plaintiff's Section 1983 claims are subject to a two-year statute of limitations.  Because Plaintiff's last alleged injury occurred in 2008, the statute of limitations for Plaintiff's claims expired at the latest in 2010.  Accordingly, Plaintiff's claims are untimely and the complaint will be dismissed with prejudice.

An appropriate order will issue.

 s/Sylvia H. Rambo
United States District Judge

Dated: October 28, 2015