IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLEN M. FALLIN,                    :
              Plaintiff,        :        Civ. No. 1:14-CV-2427
                            :
          v.                    :
                            :
PENNSYLVANIA DEPARTMENT OF         :
TRANSPORTATION, KURT J. MEYERS,    :
ALLEN D. BIEHLER, and DEBORA       :
LITTLE,                            :        Judge Sylvia H. Rambo
                            :
             Defendants.       :

**M E M O R A N D U M**

By order dated October 28, 2015 (Doc. 23), the court dismissed this Section 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Presently before the court is Plaintiff's motion for reconsideration. (Doc. 24.) For the reasons stated herein, the motion will be denied.

**I.**      **Background**

Beginning in 2007, Plaintiff Glenn M. Fallin ("Plaintiff") commenced a commercial trucking operation through CleanTrans, Inc. ("CleanTrans"), a Nevada close corporation that Plaintiff organized and for which he served as the president, sole employee, and alter ego. (Doc. 1 at ¶¶ 11, 14.) Pursuant to a power of attorney document, Plaintiff, as agent for Elliott Haines, III ("Haines"), purchased a commercial trailer and leased it to CleanTrans. (*Id*. at ¶¶ 9-10.) Acting as Haines' agent, Plaintiff then registered the trailer with Dorothea Burger ("Burger"), an agent of PennDOT, paid the registration fees, and

received a registration certificate and a metal li cense tag. ( *Id.* at ¶¶ 8-9.) Approxim ately three months after registering the trailer, Plaintiff provided the "MC num ber" issued to CleanTrans by the Federal Motor Carrier Safety Administration to Burger upon her request. (*Id.* at ¶ 15.)

In December 2007, Plaintiff attem pted to make a delivery to a m ilitary installation, believed to be Maguire Air Force Base in New Jersey, but was not perm itted onto the base because m ilitary personnel could not locate the trailer's registration in PennDOT's databases. ( *Id.* at ¶ 17.) This resulte d in a three day delay. ( *Id.*) Plaintiff sought to resolve the "predicament" by calling the Governor of Pennsylvania, who referred him to Defendant Secretary of Transportation Allen D. Bi ehler ("Biehler"), who referred him to Defendant Deputy Secretary of Driver and Motor Vehicle Services Kurt J. Myer s ("Myers"), who referred him to Defendant PennDOT employee Debora Little ("Little," and collectively "Defendants"). (*Id.* at ¶ 18.) Unable to speak w ith Little, Plaintiff sent a letter by facsimile explaining that the trailer was not properly registered, an d Little eventually responded by provi ding Plaintiff with "a sheath of form s." ( *Id.*) Military security later permitted him to complete his delivery by escort. (*Id.* at ¶ 19.)

On April 28, 2008, Plaintiff was agai n detained for at least two hours by police officers in Newberry Township, Pennsylvani a, for an alleged violation of a state law requiring vehicles used in i nterstate commerce to be inspected in Pennsylvania. ( *Id.* at ¶

22.)  Plaintiff alleges the police justified the   detention because of the  trailer's ineffective registration with PennDOT and estimates his lost opportunity at $4,000.  (*Id.*)

In his complaint, Plaintiff asserts that, at the time of these incidents, it was his belief that PennDOT had issued not  ice to hi mself and Haines that the trailer was not properly registered, but t hat "such notice had been lost and/ or overlooked." ( *Id.* at ¶ 12.) However, approximately four and a half years later, Plainti ff visited PennDOT's office in Harrisburg, Pennsylvania, to discuss t he two earlier incidents and was inform  ed by a PennDOT  supervisor that notice had not b    een provided regarding the denial of his application for registration.  (*Id.* at ¶ 23.)

Proceeding in this matter *pro se*, Plaintiff initiated this Section 1983 action by filing a com plaint on Decem ber 22, 2014. ( *See generally id.*) On October 28, 2015, the court dismissed Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 22.) The court found that the two-year statute of limitation for Plaintiff's cause of action expired in April   2010 because Plaintiff, had he exercised due diligence, would have possessed a com  plete cause of action in April 2008 at the latest. (Doc. 23.) In response, Plaintiff filed a Rule  59(e) motion to alter or amend the judgment and a brief in support. (Doc. 24.) Defendants filed a brief in opposition (Doc. 27), to which Plaintiff filed a reply (Doc. 28). Thus, the m   otion has been full y briefed and is ripe for disposition.

## II.        <u>Legal Standard</u>

Motions for reconsi deration under Fe deral Rule of Civil Procedure 59(e)

serve primarily to correct manifest errors of law or fact in a prior decision of the court.   *See*

*United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).   Under Rule 59(e), "a judgm ent

may be altered or ame nded if the party seeking reconsider ation establishes at least one of

the following grounds: (1) an intervening change in the controlling law; (2) the av ailability

of new ev idence that was not available when    the court granted the motion for summary

judgment; or (3) the need to correct a clear e    rror of law or fact or to prevent manifest

injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d

Cir. 1999).  Motions for reconsideration may al  so be appropriate in instances "where, for

example, the Court has patently m isunderstood a party, or has made a decision outside the

adversarial issues presented to    the Court by    the parties, or has ma  de an error not of

reasoning but of apprehension." *Reaves v. Pa. State Police*, Civ. No. 09-cv-2549, 2014 WL

486741, *3 (M.D. Pa. Feb. 6, 2014) (quoting *Rohrbach v. AT&T Nassau Metals Corp.*, 902

F. Supp. 523, 527 (M.D. Pa. 1995)).   "A m otion for reconsi deration is not to be used as a

means to reargue matters already argued and di   sposed of or as an attem pt to relitigate a

point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*,

226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewis e, reconsideration motions may not be

used to raise new argum ents or present evidence t hat could ha ve been raised prior to the

entry of j udgment." *Hill v. Tammac Corp.*, Civ. No. 05-cv-1148, 2006 WL 529044, *2

4

(M.D. Pa. Mar. 3, 2006) (citing *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993 )). Reconsideration of a j udgment is an extraordina ry remedy, and courts should grant such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

It follows from the remedial purpose of a Rule 59(e) motion that the standard of review relates back to the standard applicable in the underlying deci sion. *See Fiorelli*, 337 F.3d at 288. Accordingly, when a m otion for reconsideration challenges the court's decision to grant or deny a motion to di smiss for failure to state a claim, the standard set forth in Federal Rule of Civil Procedure 12(b )(6) guides the analysis. In reviewing the motion, a court "may consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and doc uments that form the basis of a clai m." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) . A motion to dism iss may only be granted when, taking all well-pleaded factual a llegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law. *Markowitz v. Ne. Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990). Although not specifically provided for under Rule 12(b)(6), a statute of lim itations defense may be raised in a motion to dismiss "where the complaint facially shows nonco mpliance with the lim itations period and the affirmative defense clearly appears on the face of the pleading." *Frasier-Kane v. City of Phila.*, 517 F. App'x 104, 107 n.1 (3d Cir. 2013) (quoti ng *Oshiver v. Levin, Fishbein, Sedran & Berman*,

38 F.3d 1380, 1384 n. 1 (3d Cir. 1994)).  It is t hrough this lens that the court must address

Defendant's instant motion.

## III.         Discussion

Plaintiff challenges the court's findi ng that Plaintiff failed to utilize the

requisite due diligence to disc over PennDOT's alleged inadequate notice procedure as a

clear error of law resulting in a manifest injustice. (*See* Doc. 24.) First, Plaintiff asserts that

PennDOT's alleged disclosure th at it does not issue notices of failure to register vehicles

was an extraordinary event that would not lik ely have occurred even had Plaintiff employed

the due diligence required of him. (Doc.24, pp. 3-5.) In addition, Plaintiff seeks to introduce

facts relating to a Decem ber 2010 communi cation between Plaintiff and a PennDOT

supervisor, wherein the supervisor allegedly     informed Plaintiff that a notice had been

issued. Although Plaintiff om itted this communication from the complaint, he argues that it

would serve as further evidence that he      exercised due diligence an d that PennDOT's

disclosure was an extraordinary event. (*Id.* at p. 5.) As a result, Plaintiff contends that, under

the discovery rule, the statute of limitations should not begin until December 2012, when he

was informed by PennDOT that he had not been provided notice regarding the denial of his

application for registration.

In Pennsylvania, the discovery rule     will delay the start of the statute of

limitations if "a plaintiff coul d not reasonabl y have known of his i njury and its cause if,

'despite the exer cise of due diligence,' he was    unable to 'ascertain the fact of a cause of

action.'" *Cowgill v. Raymark Indus., Inc.*, 780 F.2d 324,  330 (3 d  Cir. 1985) (quoting *Pocono Int'l Raceway v. Pocono Produce, Inc.*, 468 A.2d 468,  471 (Pa. 1983)). Because it is an exception to the general rule "that the statute of limitations begins to run as soon as the right to institute and m aintain a suit arises," the "one claiming the bene fit of the [discovery rule] exception bears the burden of esta blishing that []he falls within it." *Cochran v. GAF Corp.*, 666 A.2d 245, 249 (Pa. 1995) (citing *Pocono*, 468 A.2d at 471).

Here, in essence, Plaintiff requests th at the court reward him for his la ck of due diligence between 2007 and 2012. As the court noted in its memorandum dismissing the complaint, Plaintiff could have discovered PennDOT's alleged inadequate notice in 2007 or 2008 after two separate incidents where he was  denied entry to m ilitary installations as a result of his incomplete registration. (Doc. 22, p. 12.) By Plaintiff's ow n admissions in the complaint, he made no inquiries into the lack of notice and the inco mplete registration until December 20, 2012. (Doc. 1, ¶ 23.) Regardless  of whether PennDOT's alleged disclosure was an extraordinary event, if Plaintiff ha d exercised due diligence during the intervening four years, he would have ma de further inquiries to PennDOT regarding the lack of notice and the process required to complete registration.  Continued inquiries would have revealed the lack of notice, wherein Plaintiff would  have  discovered his injury. Instead, Plaintiff assumed that notice had been sent without attempting to verify that fact.

In addition, Plaintiff's newly proffered communication between himself and a PennDOT supervisor in Decem ber of 2010 does  not change the court's decision as it is

7

neither "new evidence th at was not availa ble when the court grant ed the motion for summary judgment," *Max's Seafood Cafe*, 176 F.3d at 677, nor can it be considered by this court because a reconsideration motion "may not be used to . . . pres ent evidence that could have been raised pri or to the entry of j udgment." *Hill*, 2006 WL 529044, at *2 (citing *McDowell Oil Serv., Inc.*, 817 F. Supp. at 541). Plaintiff  cannot now be absolved of hi s failure to produce the alleged facts in a timely fashion.

## IV.        Conclusion

As discussed above, there is no need to  correct a clear error of law or fact to prevent manifest injustice in the present case.   Plaintiff failed to u tilize due diligence and cannot now introduce new evidence that could have and should have been raised prior to the entry of judgment. For the foregoing reasons, the motion will be dismissed with prejudice.

An appropriate order will issue.

 s/Sylvia H. Rambo
United States District Judge

Dated: March 23, 2016